UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>(1) FERNANDO LNU, )<br>      a/k/a "Cesar Gonzalez" )<br>          Defendant. ) | Criminal No. 14-10168-FDS |

## **FINAL ORDER OF FORFEITURE**

**SAYLOR, D.J.**

      WHEREAS, on October 23, 2014, a federal grand jury sitting in the District of Massachusetts returned a five-count Superseding Indictment charging defendant Fernando LNU, a/k/a "Cesar Gonzalez" (the "Defendant"), and others, with Conspiracy to Possess with Intent to Distribute and to Distribute Heroin, in violation of 21 U.S.C. §846 (Count One); Distribution of Heroin and Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); Distribution of Fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count Three); Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1) (Count Four); and Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1) (Count Five);

      WHEREAS, the Superseding Indictment also included a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of offenses alleged in Counts One through Five of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations;

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on June 15, 2015, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Five of the Superseding Indictment, pursuant to a written plea agreement that he signed on the same day;

WHEREAS, in Section 9 of the plea agreement, the Defendant admitted that $8,911 in United States currency (the "Currency") is subject to forfeiture because it constitutes, or is derived from, proceeds of the offense charged in Counts One through Five of the Superseding Indictment;

WHEREAS, on September 24, 2015, this Court issued a Preliminary Order of Forfeiture against the Currency, pursuant to 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure;

WHEREAS, in addition, this Court ordered the Defendant to forfeit the Currency, pursuant to the terms of the Preliminary Order of Forfeiture;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on October 13, 2015 and ending on November 11, 2015;

WHEREAS, on September 16, 2015, a sentencing hearing was held whereby this Court sentenced the Defendant to 72 months incarceration, followed by 3 years supervised release, and a $500 special assessment;

WHEREAS, no claims of interest in the Currency have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Currency, and are hereby forfeited to the United States of America pursuant to 21 U.S.C. § 853, and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. All other parties having any right, title or interest in the Currency are hereby held in default.

4. The United States Marshals Service is hereby authorized to dispose of the Currency in accordance with applicable law.

5. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

/s/ F. Dennis Saylor, IV
F. DENNIS SAYLOR IV
United States District Judge

Dated: 08/23/2018